IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| LEVI WARD, | § | |
| TDCJ-CID No. 1071751, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-14-0036 |
| | § | |
| DEBRA GLOOR, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

State inmate Levi Ward (TDCJ # 1071751) filed this lawsuit against Debra Gloor, Practice Manager; Dr. Erin Jones, M.D; and the TDCJ Inmate Trust Fund under 42 U.S.C. § 1983, alleging violations of his civil rights while he was incarcerated at the Stevenson Unit of the Texas Department of Criminal Justice (collectively, "TDCJ") near Cuero, Texas. *See* complaint, [Doc. # 1, at 1]. Ward has also filed a motion to proceed *in forma pauperis* [Doc. # 2]. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

**I.   BACKGROUND**

Ward alleges that he was wrongfully charged $100.00 for medical services [Doc. # 1, at 4]. He claims that he was scheduled for a medical examination of his

moles on January 15, 2014 [Doc. # 1-1, p. 1]. However, the attending physician, defendant Erin Jones, M.D., was over-booked, and Ward himself had other commitments that day. Consequently, Dr. Jones used her limited time to treat Ward's allergy needs and attend to his Ted hose. *Id.* Dr. Jones rescheduled Ward for a mole examination on January 21, 2014, but Ward alleges that the subsequent visit never occurred. Ward complains that he was charged for the January 15 visit despite the fact that the treatment for Ted hose and allergies were follow ups regarding chronic issues which he argues are not subject to charges pursuant to TDCJ administrative rules. He further complains that Debra Gloor, the Practice Manager, supported the charge and that the TDCJ Inmate Trust Fund, wrongly took the money from his account. Ward now seeks return of the money charged by the TDCJ Inmate Trust Fund and seeks reimbursement for any related expenses [Doc. # 1, p. 4].

## II.  STANDARD OF REVIEW

This complaint is governed by the Prison Litigation Reform Act ("PLRA"), which mandates the dismissal of claims when a district court determines the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e). Ward attempts to assert a claim under 42 U.S.C. § 1983. This statute provides a private right of action for damages to individuals who are deprived of "any rights, privileges, or immunities" protected by

C:\Users\shelia_ashabranner.TXS\AppData\Local\Temp\notesFFF692\140036 charged for medical.wpd

the Constitution or federal law by any person acting under the color of state law. 42 U.S.C. § 1983; *Breen v. Texas A&M Univ.*, 485 F.3d 325, 332 (5th Cir. 2007). To establish liability under § 1983, a civil rights plaintiff must establish two elements: (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, *i.e.,* that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *Baker v. McCollan*, 443 U.S. 137, 142 (1979); *see also Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (In short, "[s]ection 1983 provides a claim against anyone who, 'under color of' state law, deprives another of his or her constitutional rights.") (citing *Doe v. Taylor Indep. Sch. Dist*., 15 F.3d 443, 452 (5th Cir. 1994)).

Prisoners are entitled to basic medical care for serious health needs. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Jacobs v. West Feliciana Sheriff's Dep't*, 228 F.3d 388, 393 (5th Cir. 2000). However, inmates do not have a constitutional right to healthcare without incurring any financial indebtedness, even if they are indigent, and they may be obligated to make partial or deferred payments as money becomes available to them in the future. *See Morris v. Livingston*, 739 F.3d 740, 746 -747 (5th Cir. 2014) (upholding TDCJ's authority to assess $100 annual health care fee) (citing *Reynolds v. Wagner*, 128 F.3d 166, 174 (3d Cir. 1997); *Bihms v. Klevenhagen,* 928

3

F. Supp. 717, 718 (S.D. Tex. 1996)). Prisons and jails have a legitimate interest in defraying the costs incurred in housing and caring for the inmates. *Slade v. Hampton Roads Regional Jail*, 407 F.3d 243, 253 -254 (4th Cir. 2005). Requiring prisoners to personally bear some of the expense of their medical services is representative of what would be required of them in the outside world. *Reynolds*, 128 F.3d at 174. Therefore, while prison officials are obligated to provide inmates with medical care, they are not prohibited from seeking reimbursement for providing such services. *Tillman v. Lebanon County Correctional Facility*, 221 F.3d 410, 418 (3d Cir. 2000); *Morris*, 739 F.3d at 747 ("As [plaintiff] was obliged to pay court costs, he may be obliged to pay his medical costs.")(citing *Bihms,* 928 F.Supp. at 718).

Under Texas law, TDCJ inmates are obligated by law to pay for some of the expenses incurred in receiving health care while incarcerated. TEX. GOV'T CODE ANN. § 501.063 (West 2011). TDCJ has implemented a policy pursuant to § 501.063 which requires inmates to pay a $100.00 annual fee for medical services. *See Morris*, 739 F.3d at 749. Indigent inmates are provided medical care regardless of their ability to pay the fee although half of the monies deposited into their accounts are deducted to satisfy the amount owed. *Id.* The Fifth Circuit has upheld the implementation of the policy. *Id.*

4

### III.     DISCUSSION

In his Complaint, Ward does not claim to have been deprived of medical care. Rather, Ward alleges that he was wrongfully charged for medical care that he did not receive. "Prisoners do have a property interest in the funds in their prison account, and the court must determine as a matter of law what process is due before an inmate's account can be docked by prison authorities." *Campbell v. Miller*, 787 F. 2d 217, 222 (7th Cir. 1986).  However, deducting funds from an inmate's trust account to pay for services provided is a rational method of conserving the limited resources of the State's funds and is not unconstitutional. *See Myers v. Klevenhagen*, 97 F.3d 91 (5th Cir. 1996). Ward contends that, pursuant to TDCJ policy, he should not have been charged for the visit because Dr. Jones only attended to maladies that had been previously treated.  His complaint concerning the officials' failure to follow the prison's rules is not actionable in this civil rights proceeding. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) ( "[A] prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met.") (citing *Myers,* 97 F.3d at 94; *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994)).  Ward was given notice of the charge and he was given the opportunity to challenge it by filing an administrative grievance [Doc. 1-1].  The grievance was denied based on a finding that the Annual Fee had

5

been properly assessed. *Id.* The denial of the grievance does not implicate a civil rights violation because Ward has no federally protected liberty interest in having his grievances decided in his favor. *Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012) (citing *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005)).

"Deprivations of property caused by the misconduct of state officials do not infringe constitutional due process provided adequate state post-deprivation remedies exist." *Murphy v. Collins*, 26 F.3d at 543 (citing *Hudson v. Palmer*, 468 U.S. 517, 539 (1984)(O'Connor, J., concurring)); *see also Lewis v. Woods*, 848 F.2d 649, 651 (5th Cir. 1988) (taking of inmate's property does not violate due process where state provides a remedy) (citing *Hudson*, 468 U.S. at 533); *Gee v. Pacheco*, 627 F.3d 1178, 1194 (10th Cir. 2010). In cases involving the unauthorized deprivation of a TDCJ inmate's property, constitutional due process is satisfied because the state law tort of conversion in Texas provides inmates a sufficient post-deprivation remedy. *Brewster*, 587 F.3d at 768; *see also Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir. 1995). Therefore, claims for wrongful deprivation of property are not actionable under 42 U.S.C. § 1983. G*eiger*, 404 F.3d at 373; *Myers*, 97 F.3d at 94. The burden is on the complainant to show that the state's post-deprivation remedy is not adequate. *Hudson,* at 539. Because Ward alleges no facts to suggest that his state post-deprivation remedy is inadequate, his claim does not belong in federal court and any

C:\Users\shelia_ashabranner.TXS\AppData\Local\Temp\notesFFF692\140036 charged for medical.wpd

remedy he may seek must come from state court. Therefore, Ward's claims must be **dismissed** for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION AND ORDER

1. The plaintiff's motion for leave to proceed *in forma pauperis* [Doc. # 2] is **GRANTED**.

2. Officials at the TDCJ Inmate Trust Fund are **ORDERED** to deduct funds from the inmate trust account of Levi Ward [TDCJ # 1071751] and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire Court filing fee ($350.00) has been paid.

3. The plaintiff's complaint is **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

4. A final judgment will be issued separately.

**The Clerk is directed to provide a copy of this memorandum and order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ-CID Inmate Trust Fund, P.O. Box 60, Huntsville, Texas 77342-0060, Fax Number (936) 437-4793; (2) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on <u>June 30</u>, 2014.

_Nancy F. Atlas_
Nancy F. Atlas
United States District Judge